IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMON A. SHIELDS, | ) No. C 16-0331 RMW (PR) |
| Plaintiff, | ) ORDER OF SERVICE; |
| v. | ) DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR |
| GREGORY J. AHERN, et al., | ) NOTICE REGARDING SUCH MOTION |
| Defendants. | ) |

Plaintiff, a California inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court serves defendants, and directs defendants to file a dispositive motion or notice of such motion.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

1  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged deprivation was committed by a person acting under the color of state law.  West v.
5  Atkins, 487 U.S. 42, 48 (1988).

6  B.  Plaintiff's Claims

7  Liberally construed, plaintiff's complaint alleges has cognizable claims that defendants
8  violated his right to free exercise of his religion.

9  **CONCLUSION**

10  For the foregoing reasons, the court hereby orders as follows:

11  1.  The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of
12  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the Notice of
13  Removal and all attachments thereto, and a copy of this order to **Gregory J. Ahern, Deputy T.**
14  **Schellenberg, Matthew Farruggia, Sgt. R. Lacer, V. Fox, P. Kennedy, and J. Johnson** at **the**
15  **Alameda County Santa Rita Jail.**

16  The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this
17  order to the Alameda County Counsel at 1221 Oak Street, Suite 450, Oakland CA 94612.  The
18  clerk shall mail a copy of this order to plaintiff.

19  2.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
20  requires him to cooperate in saving unnecessary costs of service of the summons and complaint.
21  Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on
22  behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear
23  the cost of such service unless good cause is shown for their failure to sign and return the waiver
24  form.  If service is waived, this action will proceed as if defendants had been served on the date
25  that the waiver is filed and defendants will not be required to serve and file an answer before
26  **sixty (60) days** from the date on which the request for waiver was sent.  Defendants are asked to
27  read the statement set forth at the bottom of the waiver form that more completely describes the
28  duties of the parties with regard to waiver of service of the summons.  If service is waived after

the date provided in the Notice but before defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3.    No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

4.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5.    Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

6.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

7.    All communications by the plaintiff with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

9.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 4/5/2016

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge