UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMON A. SHIELDS,<br><br>    Plaintiff,<br><br>    v.<br><br>GREGORY J. AHERN, et al.,<br><br>    Defendants. | Case No. 16-cv-00331-JD<br><br>**ORDER VACATING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 9, 16 |

Plaintiff, a state prisoner proceeding pro se, proceeds with a civil rights action. Defendants previously filed a motion to dismiss. However, defendants failed to file notice pursuant to *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), because the Court was requested to consider matters outside the pleadings. Defendants have filed a request to refile the motion with the appropriate *Wyatt* notice. Plaintiff has not filed an opposition but will be provided another opportunity. The Court hereby orders as follows:

1. The motion to dismiss (Docket No. 9) is **DISMISSED** without prejudice. The motion to refile (Docket No. 16) is **GRANTED**.

2. Within **fourteen (14) days**, defendants shall refile the motion to dismiss and serve the motion and *Wyatt* notice and notice pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1988), on plaintiff. Plaintiff shall file an opposition with **twenty-eight (28) days** upon service of the motion. Failure to file an opposition may result in dismissal of this action.

1   Defendants may file a reply **fourteen (14) days** after the opposition is filed.

2   **IT IS SO ORDERED.**

3   Dated:  December 20, 2016

_____
JAMES DONATO
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REMON A. SHIELDS,

    Plaintiff,

v.

GREGORY J. AHERN, et al.,

    Defendants.

Case No. 16-cv-00331-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 20, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Remon A. Shields ID: P64820
R.J. Donovan Corr. Facility
480 Alta Road
San Diego, CA 92179

Dated: December 20, 2016

Susan Y. Soong
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

4